UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4572 FMO (RAOx) | Date | September 28, 2021 |
|---|---|---|---|
| Title | Christian Freelon v. O'Reilly Automotive Stores, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motion and Remanding Action

On May 4, 2021, Christian Freelon ("plaintiff" or "Freelon") filed a complaint in the Los Angeles County Superior Court against O'Reilly Auto Enterprises, LLC[1] ("O'Reilly") asserting claims related to her employment. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-2, Exh. A, Complaint). O'Reilly removed the case to this court on June 3, 2021, solely on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 & 1441(b). (See Dkt. 1, NOR at ¶ 8).

On July 6, 2021, after filing an "incorrect" version of an amended complaint, (see Dkt. 11, Notice of Errata), plaintiff filed the operative First Amended Complaint ("FAC"), (Dkt. 15, FAC), which added Isai Morales ("Morales") as a defendant. (Id. at ¶ 5). On July 16, 2021, O'Reilly filed its Answer to the FAC. (Dkt. 26). On the same day, plaintiff filed a Motion to Remand (Dkt. 27, "Motion"), contending the court lacks subject matter jurisdiction because plaintiff and Morales are both citizens of California. (See id. at 1); (Dkt. 27-1, Memorandum of Points and Authorities ("Memo") at 1).

Having reviewed and considered the briefing filed with respect to plaintiff's Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).[2] The court "retains the power to deny . . . joinder . . . even though . . [a plaintiff] argues [that] it was accomplished due to an amendment as of right under Federal Rule of Civil Procedure 15(a)." Gupta v. Mercedes-Benz USA, LLC, 2020 WL 7423111,

---

[1] Erroneously sued as "O'Reilly Automotive Stores, Inc."

[2] Unless otherwise indicated, all statutory references are to Title 28 of the United States Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4572 FMO (RAOx) | Date | September 28, 2021 |
|---|---|---|---|
| Title | Christian Freelon v. O'Reilly Automotive Stores, Inc., et al. | | |

\*3 (C.D. Cal. 2020) (internal quotation marks omitted).  Courts generally consider the following factors when exercising their discretion under 28 U.S.C. § 1447:  "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a), (2) whether the statute of limitations would preclude an original action against the new defendants in state court, (3) whether there has been unexplained delay in requesting joinder, (4) whether joinder is intended solely to defeat federal jurisdiction, (5) whether the claims against the new defendant appear valid, and (6) whether denial of joinder will prejudice the plaintiff."  Lima v. Costco Wholesale Corp., 2020 WL 7397150, \*2 (C.D. Cal. 2020); Gupta, 2020 WL 7423111, at \*4 (same); Calderon v. Lowe's Home Ctrs., LLC, 2015 WL 3889289, \*3 (C.D. Cal. 2015) (same).  "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder."  Cruz v. Bank of New York Mellon, 2012 WL 2838957, \*4 (N.D. Cal. 2012) (internal quotation marks omitted).

Having considered all the factors, the court will exercise its discretion and allow joinder of Morales.  While plaintiff has not sufficiently shown that Morales is a necessary party under Fed. R. Civ. P. 19(a), or that the statute of limitations has lapsed,[3] (see, generally, Dkt. 27-1, Memo at 7-8), the court is persuaded that she has made an adequate showing with respect to the remaining factors.  See 28 U.S.C. § 1447(e); see, e.g., Galerie Homeowners Ass'n v. Chartis Property Casualty Co., 2012 WL 3112067, \*1 (C.D. Cal. 2012) (concluding that joinder was appropriate pursuant to 28 U.S.C. § 1447(e) even where defendants were "likely not necessary parties under Rule 19 and the statute of limitations ha[d] not yet run on the filing of an independent action").

As to the timeliness of the amendment, plaintiff filed the operative FAC adding Morales as a defendant on July 6, 2021, (Dkt. 15, FAC at ¶ 5), which was only 63 days after she filed her action in state court, and 33 days after removal.  Also, plaintiff first filed an amended complaint naming Morales as a defendant on June 16, 2021, (Dkt. 8), but that complaint included errors, (see Dkt. 11, Notice of Errata to Plaintiff's Complaint), requiring plaintiff to file the operative FAC.  Moreover, plaintiff states that she "inadvertently excluded the [] claims against [] Morales" and after filing the original complaint, "recalled additional facts that further substantiated" her claims against him. (Dkt. 27-1, Memo at 8-9).  Under the circumstances, given plaintiff's explanation and the fact that "no dispositive motions have been filed in this action, and [because] the parties ha[d] not yet engaged in discovery[,]" Reyes v. FCA US LLC, 2020 WL 7224286, \*6 (E.D. Cal. 2020), it is readily apparent that any delay here was minimal and certainly reasonable.  See, e.g., Yang v. Swissport USA, Inc., 2010 WL 2680800, \*4 (N.D. Cal. 2010) (joinder under § 1447(e) not untimely when "filed nine months after removal" because "plaintiffs [ ] provided a reasonable

---

[3] Plaintiff appears to have misconstrued the statute of limitations factor, arguing that joinder should be permitted because the statute of limitations has not expired.  (See Dkt. 27-1, Memo at 8) ("The harassment claims are not barred by the statute of limitations[.]  Thus, this factor does not impact joining this indispensable party.").  However, the fact that the statute of limitations has not expired favors disallowing joinder.  See Gupta, 2020 WL 7423111, at \*4 (concession that statute of limitations has not expired "disfavor[ed] allowing the joinder").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4572 FMO (RAOx) | Date | September 28, 2021 |
|---|---|---|---|
| Title | Christian Freelon v. O'Reilly Automotive Stores, Inc., et al. | | |

explanation for the delay" and "no dispositive motions ha[d] been filed"). This factor weighs in favor of allowing joinder.

"[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." Sabag v. FCA US, LLC, 2016 WL 6581154, *6 (C.D. Cal. 2016); Vega v. American Insurance Co., 2021 WL 2665718, *3 (C.D. Cal. 2021) (same). Here, O'Reilly does not dispute the validity of the claims against Morales. (See, generally, Dkt. 32, Defendant['s] Memorandum of Points and Authorities in Opposition to Plaintiff's Motion [] ("Opp.") at 14-20); see Ramirez v. Ghilotti Bros. Inc., 941 F.Supp.2d 1197, 1210 & n. 7 (N.D. Cal. 2013) (collecting cases holding that a party concedes an argument by failing to respond to it). Accordingly, the court finds these factors weigh in favor of allowing the joinder of Morales.

Finally, the court is persuaded that plaintiff would be prejudiced because "denying the amendment would require Plaintiff to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing [her] potential claims against [Morales.]" IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F.Supp.2d 1008, 1013 (N.D. Cal. 2000); Gupta, 2020 WL 7423111, at *6 ("The need for duplicative litigation would prejudice Plaintiff and violate principles of judicial economy, requiring two courts in different jurisdictions to address largely-overlapping facts and risk conflicting verdicts."). Moreover, this case is in the early stages, and a case management order has not yet been issued. (See, generally, Dkt.); see, e.g., Vega, 2021 WL 2665718, at *4 (finding this factor weighed in favor of joinder because discovery had not yet begun).

In short, plaintiff has met her burden to show allowing amendment of the Complaint is appropriate under the circumstances here. See 28 U.S.C. § 1447(e). Plaintiff has valid claims against Morales, and she would no doubt suffer prejudice were she required to litigate in two forums. See Galerie Homeowners Ass'n, 2012 WL 3112067, at *2 (granting motion to amend to add non-diverse defendant despite failure to make showing with respect to some factors). Therefore, this case must be remanded to state court. See id. ("Once a district court joins a non-diverse defendant under § 1447(e), remand becomes mandatory.").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The joinder of Morales is permitted.

2. Plaintiff's Motion to Remand **(Document No. 27)** is **granted**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4572 FMO (RAOx) | Date | September 28, 2021 |
|---|---|---|---|
| Title | Christian Freelon v. O'Reilly Automotive Stores, Inc., et al. | | |

    3.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(e).

    4.  The Clerk shall send a certified copy of this Order to the state court.

00 : 00

Initials of Preparer    gga